IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:08-CR-75-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JIMMY JERALD BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

On November 3, 2008, pursuant to a written plea agreement, Jimmy Jerald Brown ("Brown") pleaded guilty to conspiracy to possess with intent to distribute and to distribute 50 grams of cocaine base (crack) (count one). See [D.E. 1, 46]. On February 10, 2009, the court held Brown's sentencing hearing. See [D.E. 58, 59]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Brown's total offense level to be 31, his criminal history category to be V, and his advisory guideline range to be 168 to 210 months' imprisonment. See [D.E. 59]. After granting the government's motion under U.S.S.G. § 5K1.1 and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Brown to 132 months' imprisonment. See id. Brown did not appeal.

On April 4, 2014, Brown moved for a sentence reduction under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(c). See [D.E. 97]. On March 4, 2015, Brown filed a second motion for a sentence reduction and added U.S.S.G. Amendment 782 as an additional rationale for a sentence reduction [D.E. 100]. On June 10, 2016, Brown filed a pro se motion for appointment of counsel and a motion for a sentence reduction [D.E. 110]. Brown's new advisory guideline range is 100 to 125 months' imprisonment, based on a total offense level of 25 and a criminal history category of

V. See Resentencing Report. Brown requests a 79-month sentence. See id.; [D.E. 108] 8.

The court has discretion to reduce Brown's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Brown's sentence, the court finds that Brown engaged in serious criminal behavior. See PSR ¶¶ 10–20. The conspiracy took place for approximately three months and involved over 177 grams of cocaine base (crack). See id. Brown also has prior convictions for breaking and entering, larceny, discharging a weapon into occupied property, assault on a government official, possession of drug paraphernalia, possession of a schedule II controlled substance, and reckless driving to endanger. See id. ¶¶ 22–28. Brown also has a poor work history, id. ¶¶ 43–51, and had a serious substance-abuse problem before his most recent federal incarceration. Id. ¶ 40. Brown has taken some positive steps while incarcerated on his federal sentence. See [D.E. 107] 5–7; [D.E. 108] 5–7; Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011). Nonetheless, Brown has sustained sanctions while incarcerated on his federal sentence for threatening bodily harm, fighting with another person, refusing to obey an order, possessing a non-hazardous tool (tobacco), possessing an unauthorized item, and phone abuse. See Resentencing Report.

Having reviewed the entire record and all relevant policy statements, the court finds that

2

Brown received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Brown's sentence would threaten public safety in light of his serious criminal conduct, serious criminal history, and misconduct while incarcerated. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Brown's motion for reduction of sentence under Amendment 782. See, e.g., Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Brown's motions for reduction of sentence [D.E. 97, 100, 110] and denies Brown's motion for appointment of counsel [D.E. 110].

SO ORDERED. This 18 day of September 2017.

JAMES C. DEVER III
Chief United States District Judge